# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FULCRUM BIOENERGY, INC., | ) | Case No. 24-12008 (TMH) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 33-1173733 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FULCRUM SIERRA BIOFUELS, LLC, | ) | Case No. 24-12006 (TMH) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-1971833 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FULCRUM SIERRA FINANCE COMPANY, LLC, | ) | Case No. 24-12007 (TMH) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 37-1664287 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FULCRUM SIERRA HOLDINGS, LLC, | ) | Case No. 24-12009 (TMH) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-1958498 | ) | |

**DEBTORS' MOTION FOR ENTRY OF**
**AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF**
**CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

KL3 3711705.2

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):[1]

## BACKGROUND

1. On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtors were formed in 2007 to develop and implement a commercially viable "waste to fuel" process whereby trash is converted into usable fuel through the utilization of gasification and other technologies. The Debtors' Sierra BioFuels Plant (the "Sierra Plant") located approximately twenty miles east of Reno, Nevada, began successfully producing low carbon synthetic crude oil from landfill waste in December 2022.

3. Despite the Debtors' successful proof of concept at the Sierra Plant and substantial progress with ongoing research and development, the Debtors have faced significant liquidity issues in the last few years and were forced to cease operations at the Sierra Plant in May 2024. The Debtors have determined that a comprehensive financial restructuring, through chapter 11 bankruptcy is the only path forward to realize value on the Debtors assets for the benefit of its stakeholders.

4. The Debtors have filed this Motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Mark Smith, Restructuring Advisor to Fulcrum BioEnergy, Inc., in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not immediately defined in this Motion have the meanings ascribed to them later in this Motion or in the First Day Declaration, as applicable.

No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated as of February 29, 2012.

6. Venue is permissible pursuant to 28 U.S.C. §§ 1408 and 1409.

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1015-1.

## RELIEF REQUESTED

9. By this Motion, the Debtors seek entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), (i) directing the joint administration of these chapter 11 cases for procedural purposes only, and (ii) granting certain related relief described herein. The Debtors request that one file and one docket be maintained for all of the above-captioned cases under the case of Debtor Fulcrum BioEnergy, Inc. and that such cases be jointly administered under a consolidated caption, as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FULCRUM BIOENERGY, INC., et al., | Case No. 24-12008 (TMH) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with each debtor's federal tax identification numbers are: Fulcrum BioEnergy, Inc. (3733); Fulcrum Sierra BioFuels, LLC (1833); Fulcrum Sierra Finance Company, LLC (4287); and Fulcrum Sierra Holdings, LLC (8498). The location of the Debtors' service address is: Fulcrum BioEnergy Inc., P.O. Box 220 Pleasanton, CA 94566. All Court filings can be accessed at: https://www.veritaglobal.net/Fulcrum.

10. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

11. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Fulcrum BioEnergy, Inc., to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Fulcrum BioEnergy, Inc., Case No. 24-12008; Fulcrum Sierra BioFuels, LLC, Case No. 24-12006; Fulcrum Sierra Finance Company, LLC, Case No. 24-12007; and Fulcrum Sierra Holdings, LLC, Case No. 24-12009. The docket in Case No. 24-12008 (TMH) should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-12008 (TMH).**

### BASIS FOR RELIEF

12. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities that commenced these chapter 11 cases are "affiliates," as that term is defined in section 101(2) of the

Bankruptcy Code. The Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Bankruptcy Local Rule 1015-1 also provides for the joint administration of related chapter 11 cases.

13. Further, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted and will ease the administrative burden for the Court and the parties. Accordingly, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules authorize this Court to grant the relief requested herein.

14. As further set forth in the First Day Declaration, given the integrated nature of the Debtors' operations, the joint administration of these chapter 11 cases will provide significant administrative convenience. Many of the filings, hearings, and orders in these chapter 11 cases will affect each Debtor. Joint administration of these chapter 11 cases will decrease fees and costs by avoiding duplicative filings that would be required absent such relief. It will also allow parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

15. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the joint administration of these chapter 11 cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

## **NOTICE**

16. The Debtors will provide notice of this Motion to the following: (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the District of Delaware; (d) the

Internal Revenue Service; (e) the United States Securities and Exchange Commission; (f) the state attorneys general for states in which the Debtors conduct business; (g) other governmental agencies having a regulatory or statutory interest in these cases; (h) UMB Bank, N.A. and its counsel; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  No other or further notice is needed in light of the nature of the relief requested.

## CONCLUSION

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: September 10, 2024<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Clint M. Carlisle*<br>Robert J. Dehney, Sr. (No. 3578)<br>Curtis S. Miller (No. 4583)<br>Daniel B. Butz (No. 4227)<br>Clint M. Carlisle (No. 7313)<br>Avery Jue Meng (No. 7238)<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile:  (302) 658-3989<br>Email:  rdehney@morrisnichols.com<br>          cmiller@morrisnichols.com<br>          dbutz@morrisnichols.com<br>          ccarlisle@morrisnichols.com<br>          ameng@morrisnichols.com<br><br>*Proposed Counsel for Debtors and Debtors in Possession* |