## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FULCRUM BIOENERGY, INC., *et al.*, | Case No. 24-12008 (TMH) |
| Debtors.[1] | (Joint Administration Requested) |

## MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, respectfully move (the "Motion") as follows:

### RELIEF REQUESTED

1.      The Debtors seek entry of interim and final orders, substantially in the forms attached as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order") (a) authorizing the Debtors to pay prepetition wages, salaries, other compensation, and reimbursable expenses and (b) granting related relief including the scheduling of a Final Hearing.

### JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these chapter 11 cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1]     The debtors and debtors in possession in these chapter 11 cases, along with each debtor's federal tax identification numbers are: Fulcrum BioEnergy, Inc. (3733); Fulcrum Sierra BioFuels, LLC (1833); Fulcrum Sierra Finance Company, LLC (4287); Fulcrum Sierra Holdings, LLC (8498).  The location of the Debtors' service address is: Fulcrum BioEnergy Inc., P.O. Box 220 Pleasanton, CA 94566.  All Court filings can be accessed at: https://www.veritaglobal.net/Fulcrum.

Venue of these cases and the Motion is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order with respect to this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory bases for the relief requested herein are sections 105(a), 363, 507 and 541 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9013-1(m).

## BACKGROUND

5. On September 9, 2024 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. The Debtors are authorized to continue managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have requested that their cases be consolidated for procedural purposes only and administered jointly. No trustee, examiner, or official committee has been appointed in these chapter 11 cases.

6. The Debtors were formed in 2007 to develop and implement a commercially viable "waste to fuel" process whereby trash is converted into usable fuel through the utilization of gasification and other technologies. The Debtors' Sierra BioFuels Plant (the "Sierra Plant") located approximately twenty miles east of Reno, Nevada, began successfully producing low carbon synthetic crude oil from landfill waste in December 2022.

7.      Despite the Debtors' successful proof of concept at the Sierra Plant and substantial progress with ongoing research and development, the Debtors have faced significant liquidity issues in the last few years and were forced to cease operations at the Sierra Plant in May 2024. The Debtors have determined that a comprehensive financial restructuring, through chapter 11 bankruptcy is the only path forward to realize value on the Debtors assets for the benefit of its stakeholders.

8.      Additional details regarding the Debtors and the circumstances that led to the filing of these chapter 11 cases and the facts and circumstances supporting the relief requested herein is set forth in the *Declaration of Mark Smith, Restructuring Advisor to Fulcrum, BioEnergy, Inc. in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed simultaneously herewith and incorporated herein by reference.

## THE DEBTOR'S WORKFORCE

9.      As of the Petition Date, the Debtors employ only six (6) employees (the "Employees").  As described more fully in the First Day Declaration, the Debtors were forced to lay off a substantial number of their employees after the shutdown of the Sierra Plant. Accordingly, only a few people remain—all independent contractors.

10.     The Employees perform a variety of functions critical to the preservation of value and the administration of the Debtors' estates.  In many instances, the Employees include personnel who are intimately familiar with the Debtors' assets and systems, and who cannot be easily replaced.  Without the continued, uninterrupted services of the Employees, the ability of the Debtors to maximize the value of their estates will be materially impaired.

## COMPENSATION

11.     To minimize the personal hardship Employees would suffer if prepetition compensation is not paid or remitted when due or as expected, and to prevent losing any of the

few Employees left and willing to work for the Debtors, the Debtors seek authority to pay and honor outstanding prepetition claims to the Employees and to continue to honor obligations on a postpetition basis, as applicable, relating to, among other things, the Employee's compensation. Due to the liquidity crunch suffered by the Debtors prior to the Petition Date, approximately $37,500 is still owed to the Chief Restructuring Officer and approximately $24,000 is still owed to a managerial Employee.  The Debtors believe that the other four (4) employees have no outstanding compensation due and owing to them.  As all of the Employees are independent contractors, they are considered to be "1099 workers" (reported to the IRS on Form 1099-NEC), and the Debtors do not deduct any withholdings, deductions or medical expenses from the compensation paid to the Employees.

12.    Accordingly, by this Motion, the Debtors seek authority, but not direction to pay their Employees any unpaid compensation in the ordinary course and consistent with past practice (the "Prepetition Employee Obligations").  For the avoidance of doubt, by this Motion the Debtors do not seek to pay Prepetition Employee Obligations to any Employee in excess of the $15,150 priority wage cap imposed by section 507(a)(4) of the Bankruptcy Code pursuant to the Interim Order.

13.    Additionally, on occasion, the Debtors reimburse Employees for business expenses and other qualifying expenses incurred in carrying out their employment responsibilities, including, but not limited to, expenses for meals, hotels, flights, car rentals, parking, fuel costs, safety gear, mobile phones, and other qualifying expenses (the "Reimbursable Expenses").  The Debtors believe that, as of the Petition Date, there are no outstanding amounts owed on account of Reimbursable Expenses.

14.    Out of an abundance of caution, in addition to the payment of the Prepetition Employee Obligations and Reimbursable Expenses, the Debtors seek authority to continue to honor the compensation agreements with the Employees on a postpetition basis in the ordinary course of business and pay all necessary costs related thereto.  Additionally, the Debtors request the right to modify, change, or discontinue any of the compensation agreements and to implement new agreements in the ordinary course of business during these chapter 11 cases without the need for further approval by the Court, subject to applicable law.

**BASIS OF RELIEF**

**I.    Honoring the Prepetition Employee Compensation Is Essential to Maintaining and Maximizing the Value of the Debtors' Estates.**

    **A.    The Employee Compensation and Reimbursable Expenses are Ordinary Course Transactions Authorized by Section 363(c) of the Bankruptcy Code.**

15.    As an initial matter, the Debtors believe that continuing to provide employee compensation is within the Debtors' ordinary course of business and therefore authorized under section 363(c)(1) of the Bankruptcy Code, which authorizes the debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing."  "The framework of section 363 is designed to allow a trustee (or debtor-in-possession) the flexibility to engage in ordinary transactions without unnecessary creditor and bankruptcy court oversight, while protecting creditors by giving them an opportunity to be heard when transactions are not ordinary." *In re Roth Am., Inc.*, 975 F.2d 949, 952 (3d Cir. 1992).

16.    To maintain operations and preserve the value of their estates, it is essential that the Debtors retain the uninterrupted services and loyalty of the Employees.  The continuation of employee compensation as detailed herein is necessary to ensure the Debtors have sufficient Employees and adequate services during these chapter 11 cases to maximize the value of their estates for all creditors.  The Debtors are also particularly concerned with trying to minimize the

personal hardship Employees may suffer as a result of the commencement of these chapter 11 cases.

17.     Accordingly, the Debtors submit that the relief requested herein is (i) critical to their ability to operate effectively and preserve the value of their estates throughout these chapter 11 cases and (ii) in the best interests of the Debtors, their estates, and their creditors.

18.     Subject to the Court's approval, the Debtors seek authority, but not direction to continue to pay all postpetition amounts related to employee compensation in the ordinary course postpetition.  Out of an abundance of caution, the Debtors further request the authority to modify, change, or discontinue any of the compensation agreements during the pendency of these chapter 11 cases in the Debtors' sole discretion without the need for further Court approval, subject to applicable law.

**B.      Payment of the Prepetition Employee Compensation Is a Sound Exercise of the Debtors' Business Judgment and Is Appropriate Under Section 363 and 105(a) of the Bankruptcy Code.**

19.     Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtors], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Under section 363(b) of the Bankruptcy Code, courts require only that the debtors "show that a sound business purpose justifies such actions." *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp.* (*In re Montgomery Ward Holding Corp.*), 242 B.R. 147, 153 (D. Del. 1999); *see also In re Phoenix Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987); *see also, e.g., In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2003 WL 22316543, at *31 (Bankr. S.D.N.Y. Mar. 4, 2003); *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1071 (2d Cir. 1983).  Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made

arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986); *In re Global Home Prods.*, LLC, 369 B.R. 778, 783-84 (Bankr. D. Del. 2007*); In re Dana Corp.*, 358 B.R. 567, 584 (Bankr. S.D.N.Y 2006).

20.     In addition to being justified under section 363(b)(1) of the Bankruptcy Code, payment of the Prepetition Employee Obligations is warranted under the doctrine of necessity. Section 105(a) of the Bankruptcy Code, which codifies the inherent equitable powers of the bankruptcy court, empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a) and the "doctrine of necessity," the Court may exercise its broad grant of equitable powers to permit the payment of Prepetition Employee Obligations when such payment is essential to the continued operation of the debtors' business and orderly administration of the bankruptcy case. *See, e.g., In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code provides a statutory basis for the payment of prepetition claims under the doctrine of necessity and noting that "[t]he Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtors' survival during chapter 11"); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191–92 (Bankr. D. Del. 1994) (confirming that the doctrine of necessity is the standard in the Third Circuit for enabling a court to authorize the payment of prepetition claims prior to the confirmation of a reorganization plan).

21.     The United States Court of Appeals for the Third Circuit recognized the "necessity of payment" doctrine in *In re Lehigh & New Eng. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981). The Third Circuit held that a court could authorize the payment of prepetition claims if such payment

was essential to the continued operation of the debtor. *Id.* (stating a court may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *see also Official Comm. of Unsecured Creditors of Motor Coach Indus. Int'l, Inc. v. Motor Coach Indus. Int'l, Inc.* (*In re Motor Coach Indus. Int'l, Inc.*, No. 08-12136, 2009 WL 330993, at *3 (D. Del. Feb. 10, 2009) (denying stay pending appeal on grounds that there is no serious basis to challenge doctrine of necessity in the Third Circuit); *In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (holding that necessity of payment doctrine permits "immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims shall have been paid"); *Just for Feet*, 242 B.R. at 824–26 (noting that the Third Circuit permits debtors to pay prepetition claims that are essential to the continued operation of business).

22.    The necessity of payment doctrine is designed to foster a debtor's rehabilitation, which courts have recognized is "the paramount policy of Chapter 11." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989); *see also In re Chateaugay Corp.*, 80 B.R. 279, 287 (S.D.N.Y. 1987) (authorizing payment of prepetition workers' compensation claims on grounds that the fundamental purpose of reorganization and equity powers of bankruptcy courts "is to create a flexible mechanism that will permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately"); *In re Just for Feet*, 242 B.R. at 826 (finding that payment of prepetition claims to certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization"); *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("A general practice has developed . . . where bankruptcy courts permit the payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such payment."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021,

8

1023 (Bankr. S.D. Ohio 1991) (approving payment of prepetition unsecured claims of tool makers as "necessary to avert a serious threat to the Chapter 11 process").  Moreover, Bankruptcy Rule 6003 itself implies that the payment of outstanding prepetition Employee obligations may be permissible within the first twenty-one (21) days of a case where doing so is "necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003.

23.     It is a sound exercise of the Debtors' business judgment to pay the Prepetition Employee Obligations because doing so is necessary for the Debtors to operate their business and avoid the potential for a value-destructive interruption to their business operations during these chapter 11 cases, to the detriment of all stakeholders.  For the reasons discussed herein, payment of the Prepetition Employee Obligations enhances value for the benefit of all interested parties.

24.     Indeed, courts in this district have recognized the importance of satisfying employee obligations in cases requesting relief similar to that requested here.  *See, e.g., In re Town Sports Int'l, LLC*, No. 20-12168 (CSS) (Bankr. D. Del. Sept. 16, 2020) (authorizing debtors to continue employee compensation and benefit programs and pay certain prepetition obligations related thereto on a postpetition basis); *In re Extraction Oil and Gas, Inc*., No. 20-10548 (Bankr. D. Del. July 13, 2020) (same); *In re APC Auto. Techs. Intermediate Holdings, LLC*, No. 20-11466 (CSS) (Bankr. D. Del. June 4, 2020) (same); *In re Akorn, Inc*., No. 20-11177 (KBO) (Bankr. D. Del. May 22, 2020) (same); *In re Bluestem Brands, Inc*., No. 20-10566 (MFW) (Bankr. D. Del Mar. 30, 2020) (same).  Accordingly, the Debtors respectfully request that the Court authorize the Debtors to pay the outstanding prepetition Employee obligations continue them in the ordinary course of business and consistent with past practice.

## **SATISFACTION OF BANKRUPTCY RULE 6003**

25.     Pursuant to Bankruptcy Rule 6003, the Court may grant relief within twenty-one (21) days after the filing of the petition regarding a motion to "use, sell, lease, or otherwise incur an obligation regarding property of the estate" only if such relief is necessary to avoid immediate and irreparable harm.  Fed. R. Bankr. P. 6003(b).  Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern.  *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

26.     As described herein and in the First Day Declaration, the Debtors will suffer immediate and irreparable harm without authorization for the relief requested herein.  Accordingly, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

## **WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)**

27.     The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate their business without interruption and to preserve value for their estates.  Accordingly, the Debtors respectfully request that the Court waive the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## **RESERVATION OF RIGHTS**

73.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any

claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested in this Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## **NOTICE**

74.    Notice of this Motion will be provided to: (a) the Office of the United States Trustee (Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov)); (b) the Debtors' prepetition secured lenders; (c) UMB Bank, N.A. and its counsel; (d) the Internal Revenue Service; (e) the parties included on the Debtors' consolidated list of their thirty (30) largest unsecured creditors; (f) the United States Attorney's Office for the District of Delaware; (g) the Securities and Exchange Commission; (h)

counsel to the Debtors' proposed debtor in possession financing lender; (i) Delaware Secretary of State; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking first-day relief, the Debtors will serve copies of this Motion and any order entered in respect of this Motion as required by Local Rule 9013-1(m). The Debtors respectfully submit that no further notice of this Motion is required under the circumstances.

## **CONCLUSION**

WHEREFORE, the Debtors request that the Court enter the Proposed Orders, granting the relief requested herein and such other and further relief as is just and proper.

Dated: September 10, 2024
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Clint M. Carlisle*
Robert J. Dehney, Sr. (No. 3578)
Curtis S. Miller (No. 4583)
Dan B. Butz (No. 4227)
Clint M. Carlisle (No. 7313)
Avery Jue Meng (No. 7238)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:    (302) 658-9200
Facsimile:    (302) 658-3989
Email: rdehney@morrisnichols.com
      cmiller@morrisnichols.com
      dbutz@morrisnichols.com
      ccarlisle@morrisnichols.com
      ameng@morrisnichols.com

*Proposed Counsel for Debtors and Debtors in Possession*