# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FULCRUM BIOENERGY, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-12008 (TMH)<br><br>(Joint Administration Requested)<br><br>**Re: D.I. 8** |

**INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED
ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE
UTILITY SERVICES, (II) PROHIBITING UTILITY COMPANIES
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES,
(III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING
ADEQUATE ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order: (i) prohibiting Utility Companies from altering, refusing, or discontinuing services to the Debtors; (ii) approving the Proposed Adequate Assurance; (iii) approving the proposed procedures for resolving Additional Assurance Requests; and (iv) granting certain related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with each debtor's federal tax identification numbers are: Fulcrum BioEnergy, Inc. (3733); Fulcrum Sierra BioFuels, LLC (1833); Fulcrum Sierra Finance Company, LLC (4287); Fulcrum Sierra Holdings, LLC (8498). The location of the Debtors' service address is: Fulcrum BioEnergy Inc., P.O. Box 220 Pleasanton, CA 94566. All Court filings can be accessed at: https://www.veritaglobal.net/Fulcrum.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion and of the opportunity to be heard at the hearing thereon were appropriate under the circumstances and that no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and the First Day Declaration and having heard the statements and argument in support of the relief requested at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted on an interim basis as set forth herein (this "Interim Order").

2. The Final Hearing shall be held on **October 2, 2024, at 11:00 a.m.**, prevailing Eastern Time. Any objections or responses to entry of the Final Order shall be filed on or before **4:00 p.m., prevailing Eastern Time on September 25, 2024** (the "Objection Deadline"), and served on the following parties: (i) the Debtors, P.O. Box 220 Pleasanton, CA 94566; (ii) proposed counsel to the Debtors, (a) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street. 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Robert J. Dehney Sr. (rdehney@morrisnichols.com); Curtis S. Miller (cmiller@morrisnichols.com); Dan B. Butz (dbutz@morrisnichols.com); (iii) counsel to the DIP Agent, DIP Lender, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Brian S. Rosen (Brian.Rosen@lw.com) and Adam Goldberg (Adam.Goldberg@lw.com); (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (v) any statutory committee appointed in these chapter 11 cases. If no objections or responses are timely filed and

served as set forth herein, the Debtors may, in accordance with the Local Rules, submit to the Court the Final Order, substantially in the form of **Exhibit B** attached to the Motion, which may be entered with no further notice or need for the Final Hearing.

3. Subject to the Adequate Assurance Procedures, the Proposed Adequate Assurance is hereby deemed to constitute adequate assurance of future payment to the Utility Companies as required by section 366 of the Bankruptcy Code.

4. Until such time as the Court enters the Final Order, the Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

5. The Debtors are directed to cause the Adequate Assurance Deposit to be held in the Adequate Assurance Account during the pendency of these chapter 11 cases. No liens shall encumber the Adequate Assurance Deposit or the Adequate Assurance Account.

6. The following Adequate Assurance Procedures are hereby approved on an interim basis:

   a. The Debtors shall serve a copy of the Motion and this Interim Order on each Utility Company listed on the Utility Services List as soon as practicable following entry thereof, in accordance with Local Rule 9013-1(m)(iv).

   b. Within fifteen (15) business days after entry of the Interim Order, the Debtors shall deposit $17,500 into the Adequate Assurance Account.

   c. If any amount on account of postpetition Utility Services is unpaid, and remains unpaid beyond any applicable grace period, the applicable Utility Company may request a disbursement from the Adequate Assurance Account by giving notice to: (i) the Debtors, P.O. Box 220 Pleasanton, CA 94566; (ii) proposed counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street. 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Robert J. Dehney Sr. (rdehney@morrisnichols.com); Curtis S. Miller (cmiller@morrisnichols.com); Dan B. Butz (dbutz@morrisnichols.com); Clint M. Carlisle (ccarlisle@morrisnichols.com); Avery Jue Meng

      (ameng@morrisnichols.com); (iii) [counsel to the DIP Agent, DIP Lender] Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Brian S. Rosen (Brian.Rosen@lw.com) and Adam Goldberg (Adam.Goldberg@lw.com); (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); (v) counsel to UMB Bank, N.A.: (a) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10065, Attn: Alexander Woolverton (awoolverton@kramerlevin.com); Douglas Buckley (dbuckley@kramerlevin.com), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Andrew Magaziner (amagaziner@ycst.com); and (vi) any statutory committee appointed in these chapter 11 cases (collectively, the "Adequate Assurance Notice Parties"). The Debtors shall honor such request within ten (10) business days after the date on which they receive the request, unless the Debtors and the requesting Utility Company resolve the issues raised in such request without resorting to disbursement from the Adequate Assurance Account. To the extent a Utility Company receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount so disbursed.

d.   Any Utility Company desiring additional assurance of payment in the form of deposits, prepayments, or otherwise must serve a request for such additional assurance (an "Adequate Assurance Request") on the Adequate Assurance Notice Parties.

e.   Any Additional Assurance Request must (i) be in writing; (ii) identify the location(s) for which the applicable Utility Services are being provided and the applicable account number(s); (iii) provide evidence that the Debtors have a direct obligation to the Utility Company; (iv) summarize the Debtors' payment history relevant to the affected account(s) for the past twelve (12) months, including the outstanding overdue amount and the amount of any security deposit(s); (v) certify that the Utility Company is not being paid in advance for its services; and (vi) set forth the Utility Company's reasons for believing that the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

f.   Any Utility Company that does not file an Additional Assurance Request shall be (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code and (ii) forbidden to (1) discontinue, alter, refuse services to, or discriminate against, the Debtors on account of any unpaid prepetition charges or (2) require any assurance of payment other than the Proposed Adequate Assurance.

g.     The Debtors shall have thirty (30) calendar days from the receipt of an Additional Assurance Request (the "Resolution Period") to negotiate a resolution of such Additional Assurance Request.

h.     The Debtors may, and without further order of the Court, (i) resolve any Additional Assurance Request by mutual agreement with the applicable Utility Company and (ii) in connection with any such agreement, provide such Utility Company with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, or another form of security.

i.     If the Debtors determine that the Additional Assurance Request is not reasonable and are unable to reach a resolution with the applicable Utility Company during the Resolution Period, they shall, during the Resolution Period or immediately thereafter, request a hearing before the Court to determine the adequacy of the Proposed Assurance of Payment with respect to such Utility Company pursuant to section 366(c)(3) of the Bankruptcy Code.

j.     Pending resolution of the Adequate Assurance Request by the Court, the applicable Utility Company shall be prohibited to alter, refuse, or discontinue its Utility Services to the Debtors on account of unpaid charges for prepetition services, a pending Adequate Assurance Request, or any objections to the Proposed Adequate Assurance.

k.     Without a further order of the Court, (i) the portion of the Adequate Assurance Deposit attributable to any Utility Company shall be returned to the Debtors (1) on the date on which the Debtors reconcile and pay such Utility Company's final invoice in accordance with applicable non-bankruptcy law following the termination of the Utility Services provided by such Utility Company and (2) when there are no outstanding disputes related to postpetition payments due to such affected Utility Company and (ii) the Adequate Assurance Account may be closed, and any remaining portion of the Adequate Assurance Deposit returned to the Debtors, on the earlier of the effective date of the chapter 11 plan or such other time that the applicable chapter 11 case is closed. Any funds returned to the Debtors pursuant to this provision shall be subject to the terms and conditions of any then-applicable DIP Orders (as defined below).

7.     The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures set forth herein.

8.     Unless and until a Utility Company serves an Additional Assurance Request on the Debtors and the other Adequate Assurance Notice Parties, such Utility Company shall be: (i)

deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code and (ii) forbidden to (a) discontinue, alter, or refuse services to, or discriminate against, the Debtors on account of any unpaid prepetition charges, and (b) require additional assurance of payment other than the Proposed Adequate Assurance.

9. The inclusion of any entity in, as well as any omission of any entity from, the Utility Companies List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

10. The Debtors are authorized to: (a) add any Subsequently Identified Utility Company to the Utility Companies List; (b) remove any Utility Company from the Utility Companies List; and (c) add to or subtract from the Adequate Assurance Deposit the portion of such deposit allocated to added or removed Utility Companies or Subsequently Identified Utility Companies; *provided* that the Debtors shall provide notice to the Subsequently Identified Utility Company of its addition to the Utility Companies List and of its corresponding proposed Adequate Assurance Deposit; *provided further,* that the Debtors shall provide fourteen (14) days' notice to the Utility Company that it is being removed from the Utility Companies List and that the corresponding amount in the Adequate Assurance Deposit will be deducted from the Adequate Assurance Account. If an objection is received, the Debtors may request a hearing before this Court regarding such objection. The Debtors shall not deduct the Adequate Assurance Deposit in the amount set aside for any Utility Company that the Debtors seek to terminate or delete from the Utility Companies List unless and until the fourteen (14) day notice period has expired.

11. The Debtors must: (a) serve any Subsequently Identified Utility Company a copy of the Motion and Order within three (3) business days of such Company being added to the Utility Companies List; (b) allocate additional amounts to the Adequate Assurance Deposit in accordance with this Order; and (c) provide notice to the Subsequently Identified Utility Company of its proposed Adequate Assurance Deposit. Any Subsequently Identified Utility Company shall (a) be bound to the Adequate Assurance Procedures and (b) may make a request for additional adequate assurance of payment in accordance with the Adequate Assurance Procedures.

12. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

13. The banks and financial institutions on which checks were drawn or electronic funds transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

14. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

15. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

16. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

19. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 12th, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**