## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FULCRUM BIOENERGY, INC., *et al.*, | Case No. 24-12008 (TMH) |
| Debtors.[1] | (Joint Administration Requested) |
| | **Re: D.I. 6** |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") and final order pursuant to sections 105(a), 363, 507 and 541 of the Bankruptcy Code, Bankruptcy Rules 6003(b) and 6004 and Local Rule 9013-1(m): (i) authorizing the Debtors to pay and honor certain prepetition compensation obligations and (ii) granting related relief, all as more fully described in the Motion; and upon consideration of the First Day Declaration; and this Court having found that (i) this Court has jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), and (iv) venue of this proceeding and the Motion

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with each debtor's federal tax identification numbers are: Fulcrum BioEnergy, Inc. (3733); Fulcrum Sierra BioFuels, LLC (1833); Fulcrum Sierra Finance Company, LLC (4287); Fulcrum Sierra Holdings, LLC (8498). The location of the Debtors' service address is: Fulcrum BioEnergy Inc., P.O. Box 220 Pleasanton, CA 94566. All Court filings can be accessed: https://www.veritaglobal.net/Fulcrum.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

in this District is proper under 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.       The Motion is GRANTED on an interim basis as set forth herein.

2.       The Final Hearing shall be held on **October 2, 2024, at 11:00 a.m. (ET)**.  Any objections or responses to entry of the Final Order shall be filed on or before **4:00 p.m. (ET) on September 25, 2024,** (the "Objection Deadline"), and served on the following parties: (i) the Debtors, 4900 Hopyard Road, Suite 220, Pleasanton, CA 94588; (ii) proposed counsel to the Debtors, (a) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street. 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Robert J. Dehney Sr. (rdehney@morrisnichols.com); Curtis S. Miller (cmiller@morrisnichols.com); Dan B. Butz (dbutz@morrisnichols.com); Clint M. Carlisle (ccarlisle@morrisnichols.com); Avery Jue Meng (ameng@morrisnichols.com); (iii) counsel to the DIP Lender, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Brian S. Rosen (Brian.Rosen@lw.com) and Adam Goldberg (Adam.Goldberg@lw.com); (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (v) any statutory committee appointed in these chapter 11 cases.  If no objections or responses are timely filed and served as set forth herein, the Debtors may, in accordance with the Local Rules, submit to the Court the Final Order, substantially in the form of Exhibit B attached to the Motion, which may be entered with no further notice or need for the Final Hearing.

3.      The Debtors are authorized, but not directed, in their sole discretion, to: (i) pay or otherwise honor the Prepetition Employee Obligations; and (ii) honor and continue the Employee agreements that were in effect as of the Petition Date, each in the ordinary course consistent with the Debtors' practices as of the Petition Date; provided, however, that aggregate payments on account of prepetition outstanding Employee obligations will not exceed $30,300 pursuant to this Interim Order.

4.      Notwithstanding any other provision of this Interim Order and absent further order of the Court, payments to Employees on account of prepetition obligations in the interim period shall be limited by sections 507(a)(4) and (a)(5) of the Bankruptcy Code.

5.      Subject to the requirements of this Interim Order, the Debtors are authorized, but not directed, to modify, change and/or discontinue any of the Employee agreements in the ordinary course of business during the pendency of these chapter 11 cases in their sole discretion without the need for further Court approval *provided, however*, that the Debtors shall seek court approval, upon a motion on notice, of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code.  Nothing herein shall be deemed to (1) authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the Bankruptcy Code; or (2) authorize the Debtors to cash out unpaid vacation/leave time except upon termination of an employee, if applicable state law requires such payment.

6.      Nothing in the Motion or this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or

otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

7.    The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8.    The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

9.    Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon its entry.

10.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

*Thomas M. Horan*

**Dated: September 12th, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**