# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FULCRUM BIOENERGY, INC., *et al.*, | Case No. 24-12008 (TMH) |
| Debtors.[1] | (Joint Administration Requested) |
| | Re: D.I. 7 |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM AND MAINTAIN EXISTING BANK ACCOUNTS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order (this "Interim Order") (a) authorizing the Debtors to (i) continue to operate their Cash Management System and maintain their existing Bank Accounts, including honoring certain prepetition obligations related thereto, and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with each debtor's federal tax identification numbers are: Fulcrum BioEnergy, Inc. (3733); Fulcrum Sierra BioFuels, LLC (1833); Fulcrum Sierra Finance Company, LLC (4287); Fulcrum Sierra Holdings, LLC (8498). The location of the Debtors' service address is: Fulcrum BioEnergy Inc., P.O. Box 220 Pleasanton, CA 94566. All Court filings can be accessed at: https://www.veritaglobal.net/Fulcrum.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis as set forth herein (the "<u>Interim Order</u>").

2. The Final Hearing shall be held on **October 2, 2024, at 11:00 a.m. (ET)**. Any objections or responses to entry of the Final Order shall be filed on or before **4:00 p.m. (ET) on September 25, 2024,** (the "<u>Objection Deadline</u>"), and served on the following parties: (i) the Debtors, P.O. Box 220 Pleasanton, CA 94566; (ii) proposed counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street. 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Robert J. Dehney Sr. (rdehney@morrisnichols.com); Curtis S. Miller (cmiller@morrisnichols.com); Dan B. Butz (dbutz@morrisnichols.com); (iii) counsel to the DIP Lender, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Brian S. Rosen (Brian.Rosen@lw.com) and Adam Goldberg (Adam.Goldberg@lw.com); (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (v) any statutory committee appointed in these chapter 11 cases. If no objections or responses are timely filed and served as set forth herein, the Debtors may, in accordance with the Local Rules, submit to the Court the Final Order, substantially in the form

of **Exhibit C** attached to the Motion, which may be entered with no further notice or need for the Final Hearing.

3. The Debtors are authorized, on an interim basis and in their sole discretion, to continue operating their Cash Management System. However, for the avoidance of doubt, despite use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. section 1930(a)(6) based on the disbursements of each debtor, regardless of which Debtor pays those disbursements.

4. The Debtors are authorized to (a) pay the Prepetition Bank Fees, in addition to any other Bank Fees for prepetition transactions that are charged postpetition in an aggregate amount not to exceed $2,000 in the ordinary course of business and (b) pay any ordinary course Bank Fees incurred postpetition.

5. The Debtors are authorized to implement any non-material changes to the Cash Management System they may deem necessary and appropriate in their sole discretion, in the ordinary course of business consistent with past practices, including opening any additional bank account or closing any Bank Account; *provided* that the Debtors shall seek consent of the DIP Lender for any material change to the Cash Management System and give notice of any material change to the Cash Management System to the U.S. Trustee and counsel to any official statutory committee appointed in these chapter 11 cases, within five (5) days of such change; *provided* further that any new bank account opened by the Debtors shall be maintained with a bank that is an approved depository institution in accordance with the U.S. Trustee Guidelines and that is party to the Uniform Depository Agreement with the U.S. Trustee for the District of Delaware.

6. For banks at which the Debtors hold accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause

the banks to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

7.     If any Bank Accounts or Investment Accounts existing as of the Petition Date are not in compliance with section 345(b) of the Bankruptcy Code or LR 4001-3, the Debtors shall have until October 10 2024, without prejudice to seeking additional extensions, to come into compliance with section 345(b) of the Bankruptcy Code; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtors may obtain further extensions of the period referenced above by entering into written stipulations with the U.S. Trustee and filing such stipulations on the Court's docket without the need for further Court order.

8.     Each Bank[3] is authorized to permit the Debtors to continue to use the Cash Management System currently in place, as such Cash Management System is more fully described in the Motion and manage the Debtors' cash in a manner consistent with the Debtors' prepetition practices. The Banks are hereby authorized to continue to maintain, service and administer all of the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course of business in a manner consistent with any agreements between the Banks and the Debtors that existed prior to and as of the Petition Date, and to receive, process, honor and pay any and all checks, drafts, wires, ACH transfers, credit card payments, other electronic transfer requests and other items which originated (a) prepetition and were presented prepetition but

---

[3] The term "Bank" as used in this Interim Order shall include, in addition to the Bank with which the Debtors already maintain accounts, any other banks with which the Debtors open new accounts pursuant to the terms of this Interim Order.

honored postpetition, (b) prepetition but presented to the Banks for payment on a postpetition basis and (c) postpetition and are presented to the Banks for payment on a postpetition basis; *provided, however*, the Debtors may provide the Banks specific instructions to dishonor or refuse to pay particular prepetition checks, drafts and other items presented for payment against the Bank Accounts, subject to the normal procedures, fees and charges set forth in the account agreements relating to the Bank Accounts, and the Banks shall use commercially reasonable efforts to comply with all such specific instructions.

9. The Banks participating in the Cash Management System shall not be liable to the Debtors, their estates or creditors for honoring or dishonoring a prepetition or postpetition check or other item drawn on any of the Bank Accounts as a result of this Interim Order or at the direction of the Debtors. No Bank shall have any liability to any person for a good faith error made despite implementation of reasonable item handling procedures, including, without limitation, any inadvertent dishonoring of any payment or other disbursement directed to be made by the Debtors. No Bank shall be responsible for monitoring, or liable to any person for honoring, any payment or other transfer made or directed by the Debtors in contravention of the terms of this Interim Order or any other order of the Court.

10. The Debtors shall maintain accurate and detailed records of all transfers and transactions within the Cash Management System such that all prepetition and postpetition transfers and transactions are adequately and promptly documented in, and readily ascertainable from, and traced and recorded properly on, their books and records.

11. The Banks shall not honor or pay any bank payments drawn on the Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with applicable account agreements.

12. To the extent not already done, the Debtors shall, as soon as possible, advise the Banks of the commencement of these chapter 11 cases, and within one business day from the date of entry of this Interim Order, the Debtors shall (a) serve a copy of this Interim Order on the Banks and (b) request that the Banks internally code each of the Bank Accounts as "debtors in possession" accounts.

13. Those certain existing deposit agreements between the Debtors and their existing Cash Management Banks shall continue to govern the post-petition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect. Either the Debtors or the Cash Management Banks may, without further Order of this Court, implement changes to the cash management systems and procedures in the ordinary course of business pursuant to terms of those certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts, subject to the provisions of this Interim Order.

14. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

15. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Interim Order.

16. Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or

priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors or of any claims or causes of action which may exist against the Banks, or shall impair the ability of the Debtors to contest or seek relief under any section of the Bankruptcy Code in respect of the validity and amount of any payment made pursuant to this Interim Order.

17. Each of the Debtors' Cash Management Banks are authorized to debit the Debtors' Bank Accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' Bank Accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of the Debtors' Bank Accounts with such Cash Management Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash management Bank as service charges for the maintenance of the Cash Management System.

18. Any of the Debtors' Cash Management Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Cash Management Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

19. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable

nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested in the Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) an authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief granted herein are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

20. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

21. The requirements set forth in Bankruptcy Rule 6004(a) are waived.

22. This Interim Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

23. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

24. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

*[Signature: Thomas M. Horan]*

Dated: September 12th, 2024
Wilmington, Delaware

THOMAS M. HORAN
UNITED STATES BANKRUPTCY JUDGE