**Exhibit E**

**Mechanics Lien Litigation Complaint**

FILED
2021 NOV 17 AM 11:35
STOREY COUNTY CLERK
BY _aduke_
DEPUTY

Leon F. Mead II, Esq.
Nevada Bar No. 5719
eMail: leon@meadlawgroup.com
Sarah Mead Thomas, Esq.
Nevada Bar No. 13725
eMail: sarah@meadlawgroup.com
Matthew W. Thomas, Esq.
Nevada Bar No. 15102
eMail: matt@meadlawgroup.com
**MEAD LAW GROUP LLP**
7251 W. Lake Mead Blvd., Suite 460
Las Vegas, NV 89128
Tel: 702.745.4800
Fax: 702.745.4805
*Attorneys for Plaintiff Abeinsa Abener Teyma General Partnership*

**FIRST JUDICIAL DISTRICT COURT OF NEVADA**

**STOREY COUNTY**

| | |
|---|---|
| ABEINSA ABENER TEYMA GENERAL PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>FULCRUM SIERRA BIOFUELS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 21 RP00006 1E<br>Dept: 1<br><br>**ABEINSA ABENER TEYMA GENERAL PARTNERSHIP'S COMPLAINT FOR FORECLOSURE OF MECHANIC'S LIENS** |

COMES NOW Plaintiff Abeinsa Abener Teyma General Partnership ("AATGP" or "Plaintiff"), by and through its counsel of record, Mead Law Group, LLP, and complains of Defendant Fulcrum Sierra Biofuels, LLC ("Fulcrum" or "Defendant") as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is a general partnership formed under the laws of Delaware and a licensed contractor holding an unlimited "A" license issued by the Nevada State Contractor's Board, license number 79694.

2. Defendant is a Delaware limited liability company and the owner of a biofuel plant located at 3600 Peru Drive, McCarran, Nevada 89437, APN 005-071-49 and known as the "Sierra Biofuels Plant" project (the "Project").

3. Plaintiff is informed and believes and based thereon alleges that Defendants DOES

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F/. 702.745.4805

ABEINSA ABENER TEYMA GENERAL PARTNERSHIP'S COMPLAINT - 1

1 through 50, inclusive, are persons or entities of form unknown that are liable to Plaintiff in the same manner as Defendants and are jointly and severally liable with Defendants. The true identities of these Defendants are currently unknown to Plaintiff and so they are sued herein under the fictitious names of DOES 1 through 50, inclusive, until such time as Plaintiff, through discovery or otherwise, is able to identify their true names and character. Upon such discovery, Plaintiff will seek leave of Court to substitute the then identified party for the fictitious name used to identify them herein, and upon such substitution, the allegations made herein shall apply to such properly identified Defendants as otherwise herein fully alleged.

4. Pursuant to NRS 108.239(1), "[a] notice of lien may be enforced by an action in any court of competent jurisdiction that is located within the county where the property upon which the work of improvement is located[.]" As described more fully below, the work of improvement that is the subject matter of this action is in Storey County, Nevada.

## GENERAL ALLEGATIONS

5. On October 18, 2017, Plaintiff and Defendant (collectively the "Parties") entered into an Engineering, Procurement and Construction Contract (the "EPC") wherein Plaintiff was to serve as the prime contractor for the Project.

6. Following the execution of the EPC, a minimum amount of $167,153,979.00 in additional or changed work, materials, and/or equipment was provided by Plaintiff.

7. Despite Plaintiff completing $371,308,052.00, worth of work in a good and workmanlike manner and in compliance with the EPC documents, Defendant has only paid $276,231,656.00 for this work, leaving an outstanding balance due to Plaintiff of $95,076,396.00.

8. Despite making demand upon Defendant for full payment, Defendant has failed to pay Plaintiff for all the work performed on the Project. Accordingly, Plaintiff recorded a mechanic's lien thereon with the Storey County Recorder's Office, Document No. 134494, in the amount of $95,076,396.00 (the "EPC Lien") and served copies on Defendant.

9. On January 13, 2020, the Parties entered into a separate Contractor Services Agreement to construct a Dryer (the "Dryer Agreement").

//

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F/. 702.745.4805

ABEINSA ABENER TEYMA GENERAL PARTNERSHIP'S COMPLAINT - 2

10. Despite Plaintiff completing $1,128,774.74, worth of work in a good and workmanlike manner and in compliance with the Dryer Agreement documents, Defendant has not paid Plaintiff for any of this work, and there is an outstanding balance due to Plaintiff of $1,128,774.74.

11. Despite making demand upon Defendant for full payment, Defendant has failed to pay Plaintiff for all the work performed on the Project in accordance with the Dryer Agreement. Accordingly, Plaintiff recorded a mechanic's lien thereon with the Storey County Recorder's Office, Document No. 134036, in the amount of $1,128,774.78 (the "Dryer Lien") and served copies on Defendant.

12. On May 6, 2020, Plaintiff submitted a Request for Arbitration to the International Court of Arbitration of the International Chamber of Commerce ("ICC") pursuant to agreements between the Parties.

13. The Parties are currently involved in ongoing arbitration with the ICC following Plaintiff's Request for Arbitration.

14. Plaintiff is filing the instant complaint in order to perfect the foreclosure of its mechanic's liens.

15. Plaintiff intends to seek a stay of the action immediately upon filing and service of the instant complaint.

### FIRST CAUSE OF ACTION

**(Foreclosure of Mechanic's Lien Against Defendant – The EPC Lien)**

16. Plaintiff repeats and re-alleges each allegation above as if set forth in full herein.

17. Upon information and belief, Defendant is the record owner of the Property.

18. Plaintiff has provided labor and materials to the Project, for the benefit of the Property, and has not been paid in full for that labor and those materials.

19. Accordingly, and after making demand for full payment from Defendant, Plaintiff recorded its valid mechanic's lien on the Property with the Storey County Recorder's Office as Document No. 134494 on July 29, 2021, and properly served a copy to Defendant as required by NRS 108.227.

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F/. 702.745.4805

ABEINSA ABENER TEYMA GENERAL PARTNERSHIP'S COMPLAINT - 3

20. Defendant, having a direct contract with the lien claimant, has actual knowledge of the work and is exempt from service of a notice of right to lien under NRS 108.245.

21. More than thirty (30) days has passed since Plaintiff recorded the Lien on the Property.

22. Plaintiff seeks an order foreclosing the Lien for the full amount thereof, including the right to make a credit bid on the Property.

23. Plaintiff is also entitled to an award of its attorneys' fees and costs incurred in foreclosing the Lien pursuant to NRS 108.237.

## SECOND CAUSE OF ACTION

### (Foreclosure of Mechanic's Lien Against Defendant – The Dryer Lien)

24. Plaintiff repeats and re-alleges each allegation above as if set forth in full herein.

25. Upon information and belief, Defendant is the record owner of the Property.

26. Plaintiff has provided labor and materials to the Project, for the benefit of the Property, and has not been paid in full for that labor and those materials.

27. Accordingly, and after making demand for full payment from Defendant, Plaintiff recorded its valid mechanic's lien on the Property with the Storey County Recorder's Office as Document No. 134036 on May 19, 2021, and properly served a copy to Defendant as required by NRS 108.227.

28. Defendant, having a direct contract with the lien claimant, has actual knowledge of the work and is exempt from service of a notice of right to lien under NRS 108.245.

29. More than thirty (30) days has passed since Plaintiff recorded the Dryer Lien on the Property.

30. Plaintiff seeks an order foreclosing the Dryer Lien for the full amount thereof, including the right to make a credit bid on the Property.

31. Plaintiff is also entitled to an award of its attorneys' fees and costs incurred in foreclosing the Dryer Lien pursuant to NRS 108.237.

//

//

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F/. 702.745.4805

ABEINSA ABENER TEYMA GENERAL PARTNERSHIP'S COMPLAINT - 4

## PRAYER FOR RELIEF

WHEREAS, Plaintiff prays for relief in its favor and against Defendant as follows:

1. For judgment against Defendant in the amount of Plaintiff's actual damages to be proven at trial but in excess of the jurisdictional requirements of this Court;

2. For the liens to be adjudicated as valid liens upon the Property;

3. For a determination that the liens have priority over all other interests in the Property;

4. For interest at the maximum allowable rate;

5. For an award of attorneys' fees and costs actually incurred; and,

6. For any such other relief as the Court deems just and proper.

Dated: November 16, 2021                MEAD LAW GROUP LLP

_[signature]_

Leon F Mead II, Esq. (NV Bar No. 5719)
Sarah M. Thomas, Esq. (NV Bar No. 13725)
Matthew Thomas, Esq. (NV Bar No. 15102)
7201 W. Lake Mead Blvd., Suite 550
Las Vegas, NV 89128
*Attorneys for Plaintiff Abeinsa Abener Teyma General Partnership*

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F/. 702.745.4805

ABEINSA ABENER TEYMA GENERAL PARTNERSHIP'S COMPLAINT - 5