**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FULCRUM BIOENERGY, INC., *et al.*,[1] | Case No. 24-12008 (TMH) |
| Debtors. | (Jointly Administered)<br>**Re: Docket Nos. 12, 153, 199** |

**LIMITED OBJECTION OF THERMOCHEM RECOVERY
INTERNATIONAL, INC. TO THE SALE OF THE DEBTORS' ASSETS
FREE AND CLEAR OF CLAIMS, LIENS AND ENCUMBRANCES
PURSUANT TO THE TERMS OF THE STALKING HORSE
AGREEMENT AND THE PROPOSED ORDER (I) APPROVING THE
SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF CLAIMS,
LIENS AND ENCUMBRANCES, (II) APPROVING THE ASSUMPTION
AND ASSIGNMENT OF DESIGNATED EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF**

ThermoChem Recovery International, Inc. ("TRI"), through its undersigned counsel, files this limited objection (the "Limited Objection") to the sale of the Debtors' assets at the Sierra Plant pursuant to the terms of the Stalking Horse Agreement and the proposed *Order (I) Approving the Sale of the Debtors' Assets Free and Clear of Claims, Liens and Encumbrances, (II) Approving the Assumption and Assignment of Designated Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 199-1] (the "Proposed Sale Order"),[2] on the following grounds:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with each debtor's federal tax identification numbers are: Fulcrum BioEnergy, Inc. (3733); Fulcrum Sierra BioFuels, LLC (1833); Fulcrum Sierra Finance Company, LLC (4287); and Fulcrum Sierra Holdings, LLC (8498). The location of the Debtors' service address is: Fulcrum BioEnergy, Inc., P.O. Box 220 Pleasanton, CA 94566.

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to such terms in the *Order Pursuant to Sections 105, 363, 364, 365 and 541 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9007 and Del. Bankr. L.R. 2002-1 and 6004-1 (A) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets; (B) Approving the Debtors' Entry Into Stalking Horse Agreement; (C) Approving Procedures for the Assumption and Assignment of Rejection of Designated Executory Contracts and Unexpired Leases; (D) Scheduling an Auction and Sale Hearing; (E) Approving Forms and Manner of Notice of Respective Dates, Times, and Places in Connection Therewith; and (F) Granting Related Relief* [Docket No. 153] or the TRI Bids Procedures Objection, as defined herein.

**Grounds for Objection and Request for Adequate Protection of TRI's Proprietary Interests in Equipment and TRI Proprietary Date at the Sierra Plant**

1. The Sierra Plant the Debtors propose to sell to Switch includes TRI equipment and TRI Proprietary Data that Switch has no intention of using, since Switch plans to use the Sierra Plant property to establish a data center, not a facility to convert waste to clean fuel.

2. TRI has a vital interest in protecting TRI's technology in the TRI equipment and the TRI Proprietary Data. These proprietary interests are described in the *Objection of ThermoChem Recovery International, Inc. to the Debtors' Motion for an (I) Order Pursuant to Sections 105, 363, 364, 365 and 541 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9007 and Del. Bankr. L.R. 2002-1 and 6004-1 (A) Approving Bidding Procedures for Substantially All of the Debtors' Assets; (B) Approving the Debtors' Entry Into Stalking Horse Agreement and Related Bid Protections; (C) Approving Procedures for the Assumption and Assignment or Rejection of Designated Executory Contracts and Unexpired Leases; (D) Scheduling an Auction and Sale Hearing; (E) Approving Forms and Manner of Notice of Respective Dates, Times, and Places in Connection Therewith; and (F) Granting Related Relief; (II) an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment of Designated Executory Contracts and Unexpired Leases; and (III) Certain Related Relief, and Request for Adequate Protection of TRI's Proprietary Interests* [Docket No. 91] (the "TRI Bid Procedures Objection"), which is incorporated herein by reference.

3. TRI hereby renews its request, pursuant to Section 363(e) of the Bankruptcy Code, for adequate protection of its proprietary interests. As discussed in the TRI Bid Procedures Objection, Section 363(e) "prohibit[s]" the sale from proceeding as to TRI's proprietary and protected rights unless those rights are adequately protected. *See, e.g., In re Dewey Ranch Hockey,*

*LLC,* 414 B.R. 577 (Bankr. D. Ariz. 2009) (prohibiting sale of assets under Section 363(f) because adequate protection of the National Hockey League's noneconomic interest was not protected); *Reiser v. Dayton Country Club Co. (In re Magness),* 972 F.2d 689 (6th Cir. 1992) (applying Section 363(e) to protect golf club members on a waiting list from a Section 363 auction).

    4.    TRI objects to the sale pursuant to the terms of the Stalking Horse Agreement unless the Proposed Sale Order includes provisions to provide TRI with adequate protection of its interests in the TRI equipment and all of the TRI Proprietary Data. Switch plans on selling the equipment at the Sierra Plant for scrap. Switch therefore has no legitimate basis to include the TRI Proprietary Data in the sale of the Sierra Plant. With respect to the equipment, while TRI does not object to some of its equipment being included in the equipment sold for scrap because it does not contain proprietary technology, the following items of TRI equipment do contain proprietary technology: (i) PC Heater PC-2101-04, (ii) CTC Heaters EX-2101-04 HT-2017, (iii) Feeder press frame (6), (iv) Feeder PLC's (6), (v) Feeder Injection Screws and (vi) PC Heater Cart.

    5.    Accordingly, TRI requests that the Proposed Sale Order be modified to include the following provisions as adequate protection of TRI's proprietary interests:

    a. The Acquired Assets to be sold to Switch shall exclude all of TRI's confidential designs, drawings, standard operating procedures, training materials, code books, calculations and other engineering information (the "<u>TRI Proprietary Data</u>"), which TRI Proprietary Data (hard copies and electronic copies) shall be returned to TRI and purged from all servers and back-up storage devices prior to closing of the sale of the Sierra Plant.

    b. Promptly before or upon closing of such sale of the Sierra Plant, TRI shall, at its option and cost, be permitted to remove or oversee the destruction of, the following

"<u>TRI Equipment to be Removed</u>": (i) PC Heater PC-2101-04, (ii) CTC Heaters EX-2101-04 HT-2017, (iii) Feeder press frame (6), (iv) Feeder PLC's (6), (v) Feeder Injection Screws and (vi) PC Heater Cart.

6.  In the event there were to be successful bidder for the Sierra Plant other than Switch, TRI would assert the same objections with respect to any sale of the Sierra Plant. In the event that any bidder for the Sierra Plant were to couple its bid with a bid for other Expanded Assets, TRI reserves its right to raise any and all objections to protect its invaluable proprietary interests and to assert its rights to adequate protection and other protections consistent with the Bankruptcy Code and Bankruptcy Rules. Similarly, in the event that any winning bidder, as part of its bid, attempts to assume the Plant License Agreement and/or the Master Agreement without TRI's consent, TRI reserves all rights to object to any such assumption and assignment.

## Conclusion

For these reasons, TRI respectfully requests that the Court sustain this Limited Objection, and condition approval of any sale to Switch upon inclusion of TRI's proposed language set forth above in any Sale Order authorizing the sale of the Acquired Assets to Switch, and for such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: October 25, 2024
Wilmington, Delaware

                **COLE SCHOTZ P.C.**

                */s/ Melissa M. Hartlipp*
                Melissa M. Hartlipp (No. 7063)
                500 Delaware Avenue, Suite 1410
                Wilmington, DE 19801
                Telephone: (302) 652-3131
                Facsimile: (302) 652-3117
                mhartlipp@coleschotz.com

                -and-

                Irving E. Walker (admitted *pro hac vice*)
                1201 Wills Street, Suite 320
                Baltimore, MD 21321
                Telephone: (410) 230-0660
                Facsimile: (410) 230-0667
                iwalker@coleschotz.com

                -and-

                David M. Bass (admitted *pro hac vice*)
                Court Plaza North
                25 Main Street
                Hackensack, NJ 07601
                Telephone: (201) 489-3000
                Facsimile: (201) 489-1536
                dbass@coleschotz.com

                *Attorneys for ThermoChem Recovery International, Inc.*